# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| V. | (For Revocation of Probation or Supervised Release) |
| JAY KYLEE BAIN (1) | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: 09CR0230-JLS |
| | Federal Defenders, Inc., by: James Michael Chavez |
| | Defendant's Attorney |

**REGISTRATION NO.** 12326298

☐ -

☒ admitted guilt to violation of allegation(s) No.    1

☐ was found guilty in violation of allegation(s) No.  _____  after denial of guilty.

Accordingly, the court has adjudicated that the defendant is guilty of the following allegation(s):

**Allegation Number**     **Nature of Violation**
1                         nv8, Failure to be truthful and/or follow instructions

Supervised Release is revoked and the defendant is sentenced as provided in page 2 through 7 of this judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

November 18, 2015
Date of Imposition of Sentence

HON. Janis L. Sammartino
UNITED STATES DISTRICT JUDGE

| DEFENDANT: | JAY KYLEE BAIN (1) | Judgment - Page **2** of **6** |
|---|---|---|
| CASE NUMBER: | 09CR0230-JLS | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of:
**Four (4) months**

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).

☒ The court makes the following recommendations to the Bureau of Prisons:

Incarceration at MCC San Diego or the Western Region of the United States

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

　☐ at _____ A.M. on _____

　☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

　☐ on or before

　☐ as notified by the United States Marshal.

　☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____ DEPUTY UNITED STATES MARSHAL

09CR0230-JLS

| | | |
|---|---|---|
| DEFENDANT: | JAY KYLEE BAIN (1) | Judgment - Page 3 of 6 |
| CASE NUMBER: | 09CR0230-JLS | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

**Ten (10) years**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons unless removed from the United States.

The defendant shall not commit another federal, state or local crime.

*For offenses committed on or after September 13, 1994*:

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (*Check, if applicable.*)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒ The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC section 3583(a)(7) and 3583(d).

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (*Check if applicable.*)

☐ The defendant shall participate in an approved program for domestic violence. (*Check if applicable.*)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

| DEFENDANT: | JAY KYLEE BAIN (1) | Judgment - Page 4 of 6 |
|---|---|---|
| CASE NUMBER: | 09CR0230-JLS | |

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall not possess any child or adult erotica, pornographic or sexually oriented/stimulating materials, including visual, auditory, telephonic or electronic media, and computer programs; and shall not patronize any place where such materials or entertainment are available.

2. Not possess or manufacture any sexually stimulating, sexually explicit or sexually oriented material including videos, magazines, photographs, computer generated depictions, or any other matter that depicts "sexually explicit conduct" involving children or adults, as defined by 18 U.S.C. §2256(2).

3. The defendant shall consent to the installation of systems that will enable the probation officer to monitor computer use on any computer owned or controlled by the defendant. The defendant shall pay for the costs of the installation of the computer software.

4. The defendant shall register with the state sex offender registration agency in any state where the defendant resides, is employed, carries on vocation, or is a student, as directed by the probation officer. The probation officer will provide the state officials with any and all information required by the state sex offender registration agency, and may direct the defendant to report to that agency personally for the additional processing, such as photographing and fingerprinting.

5. Not have contact with any child under the age of 18 including contact via telephone, Internet, or mail, unless in the presence of a supervising adult (who is aware of the defendant's conviction in the instant offense), and with prior approval of the probation officer. The defendant shall immediately report any unauthorized contact with minor-age children to the probation officer.

6. Not knowingly associate with, or have any contact with sex offenders unless in an approved treatment and/or counseling setting.

7. Not be employed in or participate in any volunteer activity that involves contact with children under the age of 18, except under circumstances approved in advance (and in writing) by the probation officer.

8. Consent to a third party disclosure to any employer, potential employer concerning any restrictions that are imposed by the court.

| DEFENDANT: | JAY KYLEE BAIN (1) | Judgment - Page **5** of **6** |
|---|---|---|
| CASE NUMBER: | 09CR0230-JLS | |

9. Complete a sex offender evaluation, which may include periodic psychological, physiological testing and completion of the ABEL assessment, at the discretion of the court or probation officer; and that the offender participate and successfully complete an approved state-certified sex offender treatment program. The offender will allow reciprocal release of information between the probation officer and the treatment provider. The offender may also be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay.

10. The defendant shall participate in a program of mental health treatment, specifically related to sexual offender therapy. The defendant shall enter, cooperate and complete any such program until release by the probation officer. The defendant shall abide all program rules and regulations, including participating in any clinical psycho-sexual testing and/or assessment, at the direction of the probation officer or therapist. The defendant shall take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission. The court authorizes the release of the presentence report and available psychological evalutions to the mental health provider, as approved by the probation officer.

11. Not have any contact, direct or indirect, either telephonically, visually, verbally or through written material, or through any third-party communication, with the victim or victim's family without approval of the probation officer.

12. Not accept or commence employment or volunteer activity without prior approval of the probation officer, and employment should be subject to continuous review and assessment by the probation officer.

13. Not be self-employed nor be employed by friends, relatives, associates, or acquaintances unless approved by the probation officer.

14. Reside in a residence approved in advance by the probation officer, and any changes in residence shall be pre-approved by the probation officer.

15. Defendant is required to register and keep registration current in each of the following jurisdictions: residence; employment; and school attendance. Requirements for registration includes providing defendant's name, residing address and the names and addresses of any place where defendant is employed and attending school, among other information, no later than three (3) business days after any change of name, residence, employment or student status.

| DEFENDANT: | JAY KYLEE BAIN (1) | Judgment - Page 6 of 6 |
|---|---|---|
| CASE NUMBER: | 09CR0230-JLS | |

16. Be monitored while under supervision with location monitoring technology at the discretion of the probation officer, which shall be utilized for the purposes of verifying compliance with any court-imposed condition of supervision. The offender shall pay all or part of the costs of location monitoring based on their ability to pay as directed by the court and/or probation officer.

17. You shall submit to search of your person, property, residence, abode or vehicle, conducted by the probation officer, or any law enforcement officer, at any time of the day or night, with or without a warrant, and with or without reasonable or probable cause. Failure to submit to a search may be grounds for revocation; you shall warn any other residents that the premises may be subject to searches pursuant to this condition.